*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1709**

State of Minnesota,
Respondent,

vs.

Trong Hoang Nguyen Le,
Appellant

**Filed September 15, 2014
Affirmed
Peterson, Judge**

Dakota County District Court
File No. 19HA-CR-12-2941

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Jeffrey R. Nelson, Assistant County Attorney, Hastings, Minnesota (for respondent)

Melvin R. Welch, Appelman Law Firm LLC, St. Louis Park, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and Huspeni, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**PETERSON**, Judge

In this appeal from multiple convictions following a jury trial, appellant argues that the district court erred by refusing to dismiss the criminal charges against him because his constitutional right to a speedy trial was violated. We affirm.

**FACTS**

Appellant Trong Hoang Nguyen Le was arrested on August 19, 2012, following an eight-hour incident that occurred on August 18-19. He was charged with domestic assault (strangulation), domestic assault, making terroristic threats, and false imprisonment. At Le's first appearance on August 21, the district court appointed a public defender to represent him and set the amount of bail and terms of release. Le could not afford bail, and he remained in custody.

At an omnibus hearing on September 18, 2012, Le appeared with private counsel. Le entered a not-guilty plea and requested a speedy trial; the court scheduled a settlement conference on October 16 and a jury trial on November 19. Because this trial date was one or two days outside of the 60-day period for a speedy trial, Le waived his right to a trial within 60 days and agreed to the scheduled date.

On October 16, 2012, Le appeared with a public defender who stated that private counsel never filed a certificate of representation and, therefore, the public defender remained the attorney of record. The public defender also made a speedy-trial demand, but she asked the court "to find for good cause that it's all right to go a few days beyond

the 60-day demand" because she was not available for trial until November 26. The court found good cause to amend the trial date.

On October 31, 2012, Le appeared with the public defender for a second settlement conference, at which the parties argued Le's motion to dismiss the false-imprisonment charge. The district court found probable cause for the false-imprisonment charge and confirmed the November 26, 2012 trial date.

On November 26, Le appeared with private counsel, but the victim failed to appear in response to a subpoena. A warrant for the victim's arrest was issued, and the district court rescheduled the trial for December 3, 2012. On December 3, Le appeared with private counsel, who unexpectedly asked to withdraw as counsel. Private counsel stated that he and Le had "a very significant disagreement in terms of how this case should be tried." He stated that it was his "ethical obligation" to withdraw. The district court permitted private counsel to withdraw and then informed Le that the court would not appoint a public defender because Le had already discharged his public defender. The state refused to agree to a continuance, because the victim was in custody. The district court gave Le a choice of waiving his speedy-trial right and continuing the jury trial to February 11, 2013, so that Le would have time to find and prepare a new attorney, or representing himself pro se at a jury trial beginning the next day, on December 4. Le chose to start trial pro se on the following day.

Le appeared before a different judge on the following day, and preparations were made to begin a jury trial. The district court told Le that he had two options: he could proceed pro se or the court would appoint a public defender if he qualified for one. Le

asked if he could speak to the prosecutor before deciding; after a brief recess, Le chose to apply for a public defender and to waive his speedy-trial right. The court examined Le under oath before deciding that he waived this right. Trial was rescheduled for January 23, 2013.

On January 14, 2013, Le appeared again with his former public defender, on a motion to dismiss the charges for violation of Le's speedy-trial right. The district court scheduled an evidentiary hearing on the motion for January 22 and rescheduled the jury trial to January 28. At the evidentiary hearing, Le testified that he did not know that private counsel would withdraw, he did not understand that he would have to represent himself, and he wanted a trial, but with representation. On January 25, 2013, the district court issued its order denying Le's motion to dismiss. A jury trial began on January 29, 2013. The jury convicted Le of domestic abuse (strangulation), domestic abuse, and making terroristic threats, and acquitted him of false imprisonment. This appeal followed.

### D E C I S I O N

A defendant has a constitutional right to a speedy trial. U.S. Const. amend. VI; Minn. Const. art. I, § 6. Whether a defendant was denied his right to a speedy trial presents a question of law that we review de novo. *State v. Cham*, 680 N.W.2d 121, 124 (Minn. App. 2004), *review denied* (Minn. Jul. 20, 2004).

Minn. R. Crim. P. 11.09(b) provides that "[a] defendant must be tried as soon as possible after entry of a plea other than guilty" and "the trial must start within 60 days of the demand [by a defendant for a speedy trial] unless the court finds good cause for a

4

later date." To determine whether a delay has violated a defendant's speedy-trial right, a court considers the four-factor test set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972), which was adopted by the Minnesota Supreme Court in *State v. Widell*, 258 N.W.2d 795, 796 (Minn. 1977). *See State v. Griffin*, 760 N.W.2d 336, 339-40 (Minn. App. 2009) (noting adoption of *Barker* test in *Widell*). The four factors are "(1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his or her right to a speedy trial, and (4) whether the delay prejudiced the defendant." *Id.* (quotation omitted). No one factor is dispositive; all four must be considered together with any other relevant circumstances. *Id.* at 340.

A delay of more than 60 days is presumptively prejudicial and triggers a review of the remaining factors. *State v. Windish*, 590 N.W.2d 311, 315-16 (Minn. 1999). Here, the 133-day delay is presumed to be prejudicial, which requires review of the remaining three factors.

The state has the burden of ensuring a defendant's right to a speedy trial. *Id.* at 316. A deliberate attempt by the prosecution to delay the trial weighs heavily against the state. *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192. But if delay "is the result of the defendant's actions, there is no speedy trial violation." *State v. Johnson*, 498 N.W.2d 10, 16 (Minn. 1993).

The only delays attributable to the state here occurred at the first trial setting, which was two days outside of the 60-day limit, and a one-week delay caused by the victim's failure to appear. "Normally, the unavailability of a witness constitutes good cause for delay," unless the state has not been diligent about procuring the witness's

5

attendance or the unavailability prejudices the defendant. *Windish*, 590 N.W.2d at 317. The state had subpoenaed the victim, which demonstrates its diligence, and Le was not prejudiced by the one-week delay. The remaining delays occurred because Le changed attorneys four times.

Le argues that the district court erred by permitting private counsel to withdraw on the day of trial and initially refusing to reappoint the public defender. Le contends that this amounted to denying either his right to counsel or his right to a speedy trial.

A lawyer must "zealously assert[ ] the client's position." Minn. R. Prof. Conduct pmbl. [2]. But a lawyer must "not knowingly reveal information relating to the representation of a client." Minn. R. Prof. Conduct 1.6(a). Because of these two duties, a court seeking an explanation for an attorney's withdrawal should accept as sufficient "[t]he lawyer's statement that professional considerations require termination of the representation." Minn. R. Prof. Conduct 1.16 cmt. [3]; s*ee State v. Krause*, 817 N.W.2d 136, 146 n.7 (Minn. 2012) (discussing proper method of attorney withdrawal). Faced with private counsel's statement that ethical considerations mandated his withdrawal, the district court had no choice but to permit him to withdraw.

As to the district court's initial refusal to reappoint the public defender, the right to appointed counsel is a fundamental right and deprivation of counsel places a defendant at a serious disadvantage. *Krause*, 817 N.W.2d at 144-45. Although a court may determine that a defendant has forfeited his right to assistance of counsel, the right to counsel may be forfeited only when there is "extremely serious misconduct." *State v. Lehman*, 749 N.W.2d 76, 81-82 (Minn. App. 2008), *review denied* (Minn. Aug. 5, 2008).

6

Denying Le the services of the public defender was error, but the district court relented the next day and reappointed the public defender to represent Le. In doing so, the district court asked Le to waive his speedy-trial right to give the public defender time to prepare; the district court examined Le under oath to determine whether he understood his rights before accepting the waiver. Trial was set for January 23, 2013, but before trial, the public defender brought a motion to dismiss for violation of Le's speedy-trial right; this required a motion on January 14 and an evidentiary hearing on January 22. The district court's order denying the motion was issued on January 25, and trial began on January 29. Except for the victim's failure to appear, none of the delays can be attributed to the prosecution; delays permitted by the court served the purpose of allowing Le's attorney to fully prepare to represent him. On this record, the reasons for the delay are almost wholly attributable to Le.

As to the third *Barker* factor, there is no question that Le repeatedly demanded a speedy trial. With respect to the fourth factor, whether Le was prejudiced by the delay, we examine three interests protected by the right to a speedy trial: (1) prevention of lengthy pretrial incarceration; (2) alleviation of a defendant's anxiety; and (3) possible impairment of the defense case. *Griffin*, 760 N.W.2d at 340-41. The last interest is the most important. *Windish*, 590 N.W.2d at 318.

Le argues that the delays left him vulnerable and without counsel. But the lack of counsel was not due to the state's actions. Le also argues that "[h]is unprotected engagement with the adverse and prosecuting party, caused by the [district] court's indiscretion by allowing his attorney to withdraw on the day of trial caused significant

7

prejudice to [Le]." But Le asked to speak with the prosecutor, who replied, "I—as long as he understands that I don't represent him. I can't give advice about what's a good choice or not." Le also argues that he was prejudiced because he remained in custody and was unable to work, lost contact with his family, and suffered the general anxiety caused by being in jail. These are considerations in determining whether a defendant has been prejudiced. *Griffin*, 760 N.W.2d at 341. But there is no indication in the record that Le's criminal defense was impaired because of the delay.

The *Barker* factors are related "and must be considered together with such other circumstances as may be relevant." *Windish*, 590 N.W.2d at 315 (quotation omitted). The length of the delay, 133 days, and the loss of employment and contact with family, as well as the anxiety caused by incarceration, weigh in favor of Le. But Le changed attorneys four times, which caused most of the delay. Also, Le's bail and release conditions were more stringent because of his criminal history, which included a prior domestic assault by strangulation, probation violations, chemical usage, and dishonesty with his probation officer. On balance, the factors weigh in favor of the state. Le's speedy-trial right was not violated. *See Johnson*, 498 N.W.2d at 16 (stating that "when the overall delay in bringing a case to trial is the result of the defendant's actions, there is no speedy trial violation").

**Affirmed.**

8